CJF/klc: 06/04/2021

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**JESSICA PALMER,** Administratrix of the
Estate of **DANIEL LEE RANEY**,

        Plaintiff,

vs.

                           CIVIL ACTION NO. 3:19-cv-114

**BRIDGESTONE AMERICAS TIRE
OPERATIONS, LLC; BRIDGESTONE
AMERICAS FLEET OPERATIONS,
LLC; BRIDGESTONE AMERICAS,
INC.; GCR TIRE & SERVICE;** and
**ROBERT L. KECK,**

        Defendants.

## PLAINTIFF'S MOTION TO COMPROMISE CLAIMS FOR DEATH BY WRONGFUL ACT PURSUANT TO W.VA. CODE § 55-7-7

Plaintiff, Jessica Palmer, Administratrix of the Estate of Daniel Lee Raney, by and through her counsel, Clayton J. Fitzsimmons and Robert P. Fitzsimmons of Fitzsimmons Law Firm PLLC and D. Michael Burke and Logan Burke of Burke, Schultz, Harman & Jenkinson, respectfully requests this Honorable Court to approve the proposed settlement of this civil action pursuant to W.Va. Code § 55-7-7 in that it is a wrongful death claim. In support of her Motion, Plaintiff states as follows:

1.      This case arises out of a commercial truck collision that occurred on July 27, 2017 in Inwood, West Virginia. Defendant Robert Keck, who was in the course and scope of his employment with Bridgestone Americas Tire Operations, crossed the center median on Interstate 81 while operating a commercial box truck and struck a vehicle being driven by Daniel Raney. Daniel Raney suffered fatal injuries in the incident and was wrongfully killed on July 27, 2017.

{00309936-1}

2.      Plaintiff Jessica Palmer is the surviving fiancée and life-partner of Daniel Raney. Plaintiff was duly appointed as Administratrix of the Estate of Daniel Raney by the Clerk of the County Commission of Berkeley County, West Virginia, on July 28, 2017. (*See* Letter of Administration, attached hereto as ***Exhibit 1***).

3.      Acting in her capacity as Administratrix of her fiancée's Estate and pursuant to the applicable provision of the West Virginia Code, Jessica Palmer retained Burke, Schultz, Harman & Jenkinson and Fitzsimmons Law Firm PLLC for the purpose of investigating and pursuing a wrongful death claim against Defendants Bridgestone Americas Tire Operations, LLC, Bridgestone Americas Fleet Operations, LLC, Bridgestone Americas, Inc., GCR Tire & Service, and Robert L. Keck (collectively hereinafter "Bridgestone" and/or "Defendants").

4.      Plaintiff thereafter commenced Civil Action Number 3:19-cv-114 in the United States District Court for the Northern District of West Virginia against Defendants as a result of the collision on July 27, 2017. As pled in her Complaint, Plaintiff alleges that Defendant Robert Keck was negligent and reckless in the operation of his commercial truck; that the Bridgestone Defendants are vicariously liable for the negligent actions of Defendant Keck; and that the Bridgestone Defendants were independently negligent in regard to the development and implementation of appropriate commercial trucking safety policies and procedures and that they negligently hired, trained, and retained Defendant Keck. Plaintiff's Complaint seeks compensatory and wrongful death damages as well as punitive damages.

5.      After engaging in extensive discovery, conducting numerous depositions, disclosing expert reports, and conducting two mediations, Plaintiff and Defendants have reached a confidential settlement subject to Court approval whereby Defendants have agreed to pay a confidential sum of money in exchange for a full and final release.  The amount of the confidential

settlement is disclosed to the Court in ***Exhibit 2***, which is being filed under seal to preserve the confident nature of the settlement.

6.     Plaintiff believes the amount of the settlement to be fair and reasonable and in the best interest of the statutory beneficiaries for the following reasons:

(a)     The amount of money to be paid in the settlements is in Plaintiff's opinion the best offer that can be obtained in view of the circumstances of the subject death, the contested liability, and the investigation of this potential claim undertaken to date.

(b)     There is a possibility that a jury could return a verdict in an amount lower than the subject settlement given that numerous aspects of Plaintiff's liability case and damages are contested.

(c)     The amount of the settlement provides significant assets for the Estate and the beneficiaries and a settlement reduces the risk and additional costs of protracted and uncertain litigation and appeals.

7.     Plaintiff signed a contingent fee agreement with Burke, Schultz, Harman & Jenkinson.  In accordance with the fee agreement,  Burke, Schultz, Harman & Jenkinson and Fitzsimmons Law Firm PLLC are entitled to one-third (1/3) of any recovery obtained on behalf of the Estate of Daniel Lee Raney.  The total amount of attorney fees to be paid to Fitzsimmons Law Firm PLLC and Burke, Schultz, Harman & Jenkinson is set forth in ***Exhibit 2***. Plaintiff's contingency fee is attached hereto as ***Exhibit 3*** and is being filed under seal to preserve the confidential nature of the fee agreement and settlement.

8.     Pursuant to the written fee agreement, Burke, Schultz, Harman & Jenkinson and Fitzsimmons Law Firm PLLC are also to be reimbursed their advanced litigation costs.  The total costs incurred in investigating the instant action and advanced by counsel thus far totals Ninety-Four Thousand Nine Hundred Dollars and Sixty-Eight Cents ($94,900.68).  An itemized list of the

advanced expenses is set forth in ***Exhibit 4.*** Because ***Exhibit 4*** constitutes protected attorney work product, it being filed under seal.

9.      At the time of his death, Daniel Lee Raney did not have health insurance and, therefore, no health insurance liens have been asserted against the proceeds of the settlement to Plaintiff's knowledge.  Plaintiff has been attempting to pay for all medical costs associated with Daniel Lee Raney's injuries and death out of pocket. Rocky Mountain Holdings, LLC has submitted a bill for lifeflight services in the amount of $55,248.71 which remains outstanding.  An invoice from City Hospital also remains outstanding in the amount of $712.86 relating to services for emotional damages rendered to H.R., Plaintiff's and Daniel Raney's minor daughter, as a result of her father's untimely death. In addition, Plaintiff provided James Behrmann, Ph.D., a letter of protection for psychological services rendered to her as a result of psychological and emotional damages. Dr. Behrmann's invoices total $21,395.00.

10.      State Farm Insurance has paid $25,000.00 for property damage to Daniel Raney's vehicle and medical payment benefits and has asserted a lien in that amount. Plaintiff's counsel is in the process of negotiating payment of this lien.

11.      In the event the Court would approve the settlement, Plaintiff requests that she be permitted to hold in trust an amount equal to the total of all liens and outstanding healthcare expenses ($102,356.57) from the gross settlement proceeds and allowed to pay the liens and expenses listed above, or a lower agreed-upon amount.

12.      The following are the potential statutory beneficiaries of Daniel Raney, as defined by W.Va. Code §55-7-6:

> (a)      Jessica Palmer – Fiancée, financially dependent and otherwise equitably entitled to relief;

(b)      Gavin Raney – son;

(c)      Lena Raney – daughter;

(d)      H.R. – daughter, a minor whose date of birth is December 31, 2005 and, at the age of filing, is sixteen (16) years of age;[1]

(e)      Tyler Pike – son;

(f)      Farrah Raney Brown – sister; and

(g)      Kurt Raney – father.

13.      There are no other known potential statutory beneficiaries other than those identified herein to Plaintiff's knowledge.

14.      Plaintiff has notified all statutory beneficiaries of the proposed settlement and will supplement this Motion with a proposed allocation of the net settlement proceeds if an agreement can be reached among the statutory beneficiaries.

15.      It is anticipated that some of the statutory beneficiaries will use some portion of the net settlement proceeds to purchase and fund a structured settlement for their benefit.  In the event any of the statutory beneficiaries elect to purchase a structured settlement, Plaintiff will supplement this Motion with detailed information regarding the funding and periodic payments to be paid pursuant to the structured settlement.

16.      Plaintiff executes and files this Motion in good faith and with full knowledge of the facts and circumstances surrounding the death of Daniel Raney and the assertions, claims, and defenses asserted in this litigation.

---

[1] Pursuant to this Honorable Court's paperless Order [#54], Tracy Weese, Esq. has been appointed to serve as the Guardian *ad Litem* for the minor beneficiary.

17.     Attached to this Motion is a proposed Order approving the wrongful death settlement and payment of attorney fees, costs, and healthcare liens and expenses as set forth herein which as been approved by all parties.

**WHEREFORE,** your Plaintiff, Jessica Palmer, as Administratrix of the Estate of Daniel Raney, respectfully prays that her Motion be inspected and filed and that the Court take the following actions:

(a)     Approve the wrongful death settlements pursuant to W.Va. Code § 55-7-7;

(b)     Direct that the exhibits attached to this Motion and designated as confidential be filed under seal to preserve the confidentiality of the settlements and settlement amounts;

(c)     Find that the settlement described herein is fair and reasonable and in the best interest of the statutory beneficiaries of the Estate of Daniel Raney;

(d)     Authorize Plaintiff to execute a full and final release tendered by counsel for Defendants;

(e)     Authorize the payment of the attorneys' fees and advanced expenses from the settlement proceeds in accordance with this Motion;

(f)     Authorize Plaintiff to withhold $102,356.57 from the settlement proceeds to pay the outstanding liens or healthcare expenses listed herein or such lower agreed-upon amount;

(g)     Enter an Order dismissing with prejudice all claims against the Defendants arising out of the instant civil action;

(h)     Vacate the trial and pre-trial dates and any scheduled hearings under the existing scheduling Order;

(i)     Set a date for a hearing on the distribution to beneficiaries[2]; and

(j)     Grant Plaintiff such further relief as the Court may deem just and proper.

---

[2] Pursuant to this Honorable Court's paperless Order [#54], a hearing via Zoom has been scheduled for the Petition for Approval of the Minor's settlement on August 12, 2021 at 11:00 a.m.  Plaintiff suggests that this may also be a convenient date and time for the Court to hear this matter with respect to distribution to all beneficiaries.

{00309936-1}                                              6

Respectfully Submitted,

**JESSICA PALMER,** Administratrix of the Estate o**f DANIEL LEE RANEY,** *Plaintiff*

By:     /s/ *Clayton J. Fitzsimmons*
        Clayton J. Fitzsimmons (W.Va. Bar # 10823)
        Robert P. Fitzsimmons (W.Va. Bar # 1212)
        Donald M. Kresen (W.Va. Bar # 4270)
        **FITZSIMMONS LAW FIRM PLLC**
        1609 Warwood Avenue
        Wheeling, West Virginia 26003
        Phone: 304-277-1700
        Fax: 304-277-1705
        Email: clayton@fitzsimmonsfirm.com
        Email:  bob@fitzsimmonsfirm.com
        Email: don@fitzsimmonsfirm.com

By:     /s/ *D. Michael Burke*
        D. Michael Burke   (W.Va. Bar # 550)
        Logan G. Burke (W.Va. Bar # 12966)
        **BURKE, SCHULTZ, HARMAN &**
        **JENKINSON**
        85 Aikens Center
        (Edwin Miller Blvd.)
        P.O. Box 1938
        Martinsburg, WV 25402
        Phone: (304) 263-0900
        Fax: (304) 267-0469
        Email: dmburke@burkeandschultz.com
        Email: lburke@burkeandschultz.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**JESSICA PALMER,** Administratrix of the
Estate of **DANIEL LEE RANEY**,

                Plaintiff,

    vs.

**BRIDGESTONE AMERICAS TIRE
OPERATIONS, LLC; BRIDGESTONE
AMERICAS FLEET OPERATIONS,
LLC; BRIDGESTONE AMERICAS,
INC.; GCR TIRE & SERVICE;** and
**ROBERT L. KECK,**

                Defendants.

CIVIL ACTION NO. 3:19-cv-114

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of June, 2021, a true copy of the foregoing ***Plaintiff's***

***Motion to Compromise a Claim for Death by a Wrongful Act Pursuant to W.Va. Code § 55-7-7***

was electronically filed with the Clerk of this Court using CM/ECF system, who shall provide

electronic notice of such filing to the following counsel:

Clem C. Trischler, Esq.
Pietragallo Gordon Alfano Bosick & Raspanti, LLP
The Thirty-Eighth Floor
One Oxford Center
Pittsburgh, PA 15219
***Counsel for Defendants, Bridgestone Americas Tire Operations, LLC, Bridgestone Americas
Fleet Operations, LLC, Bridgestone Americas, Inc., and GCR Tire & Service
and Robert L. Keck***

{00309936-1}

Respectfully Submitted,

**JESSICA PALMER,** Administratrix of the
Estate o**f DANIEL LEE RANEY,** *Plaintiff*

By:  /s/ *Clayton J. Fitzsimmons*
Clayton J. Fitzsimmons (W.Va. Bar # 10823)
Robert P. Fitzsimmons (W.Va. Bar # 1212)
Donald M. Kresen (W.Va. Bar # 4270)
**FITZSIMMONS LAW FIRM PLLC**
1609 Warwood Avenue
Wheeling, West Virginia 26003
Phone: 304-277-1700
Fax: 304-277-1705
Email: clayton@fitzsimmonsfirm.com
Email:  bob@fitzsimmonsfirm.com
Email: don@fitzsimmonsfirm.com

By:  /s/ *D. Michael Burke*
D. Michael Burke   (W.Va. Bar # 550)
Logan G. Burke (W.Va. Bar # 12966)
**BURKE, SCHULTZ, HARMAN &
JENKINSON**
85 Aikens Center
(Edwin Miller Blvd.)
P.O. Box 1938
Martinsburg, WV 25402
Phone: (304) 263-0900
Fax: (304) 267-0469
Email: dmburke@burkeandschultz.com
Email: lburke@burkeandschultz.com