CJF/klc: 06/04/2021

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**JESSICA PALMER,** Administratrix of the Estate of **DANIEL LEE RANEY**,

        Plaintiff,

vs.

**BRIDGESTONE AMERICAS TIRE OPERATIONS, LLC; BRIDGESTONE AMERICAS FLEET OPERATIONS, LLC; BRIDGESTONE AMERICAS, INC.; GCR TIRE & SERVICE;** and **ROBERT L. KECK,**

        Defendants.

CIVIL ACTION NO. 3:19-cv-114

## ORDER GRANTING MOTION TO COMPROMISE A CLAIM FOR DEATH BY WRONGFUL ACT PURSUANT TO W.VA. CODE § 55-7-7

On the ___ day of June, 2021, came the Plaintiff, Jessica Palmer, as Administratrix of the Estate of Daniel Raney, by and through her counsel, with respect to her previously submitted *Motion to Compromise a Claim for Death by Wrongful Act Pursuant to W.Va. Code § 55-7-7*. Having reviewed and considered the Motion and exhibits, the case file, the applicable law, and the representations and recommendations of counsel, the Court finds as follows:

### FINDINGS OF FACT

1.     This case arises out of a commercial truck collision that occurred on July 27, 2017 in Inwood, West Virginia. Defendant Robert Keck, who was in the course and scope of his employment with Bridgestone Americas Tire Operations, crossed the center median on Interstate 81 while operating a commercial box truck and struck a vehicle being driven by Daniel Raney. Daniel Raney suffered fatal injuries in the collision was pronounced dead on July 27, 2017.

{00309936-1}

2.      Plaintiff, Jessica Palmer is the surviving fiancée of Daniel Raney. Plaintiff was duly appointed as Administratrix of the Estate of Daniel Raney by the Clerk of the County Commission of Berkeley County, West Virginia, on July 28, 2017.

3.      Plaintiff, acting in her capacity as Administratrix of her fiancée's Estate, and pursuant to the applicable provision of the West Virginia Code, retained Burke, Schultz, Harman & Jenkinson and Fitzsimmons Law Firm PLLC for the purpose of investigating and pursuing wrongful death claims against Defendants Bridgestone Americas Tire Operations, LLC, Bridgestone Americas Fleet Operations, LLC, Bridgestone Americas, Inc., GCR Tire & Service, and Robert L. Keck (collectively hereinafter "Bridgestone" and/or "Defendants").

4.      Plaintiff thereafter commenced Civil Action Number 3:19-cv-114 in the United States District Court for the Northern District of West Virginia against Defendants as a result of the collision on July 27, 2017. As pled in her Complaint, Plaintiff alleges that Defendant Robert Keck was negligent and reckless in the operation of his commercial truck; that the Bridgestone Defendants are vicariously liable for the negligent actions of Defendant Keck; and that the Bridgestone Defendants were independently negligent in regard to the development and implementation of appropriate commercial trucking safety policies and procedures and that they negligently hired, trained, and retained Defendant Keck. Plaintiff's Complaint seeks compensatory and wrongful death damages as well as punitive damages.

5.      After engaging in extensive discovery, conducting numerous depositions, disclosing expert reports, and conducting two mediations, Plaintiff and Defendants reached a confidential settlement subject to this Court's approval whereby Defendants have agreed to pay ███████████████████████████ in exchange for a full and final release.

{00309936-1}

6. The Court **FINDS** that the settlement is fair and reasonable and in the best interest of the Estate and the statutory beneficiaries of the Estate of Daniel Raney:

    (a) The amount of money to be paid in the settlement is in Plaintiff's opinion the best offer that can be obtained in view of the circumstances of the subject death, the contested liability, and the investigation of this potential claim undertaken to date.

    (b) There is a possibility that a jury could return a verdict in an amount lower than the subject settlement given that numerous aspects of Plaintiff's liability case and damages are contested.

    (c) The amount of the settlement provides significant assets for the Estate and the beneficiaries and a settlement reduces the risk and additional costs of protracted and uncertain litigation and appeals.

7. Plaintiff signed a contingent fee agreement with Burke, Schultz, Harman & Jenkinson. In accordance with the fee agreement, Fitzsimmons Law Firm PLLC and Burke, Schultz, Harman & Jenkinson are entitled to attorney fees in the amount of one-third (1/3) of the gross settlement. The fee agreement between Plaintiff and her counsel was attached to Plaintiff's Motion as ***Exhibit 3*** and filed under seal to preserve confidential work product. Accordingly, Fitzsimmons Law Firm PLLC and Burke, Schultz, Harman & Jenkinson are entitled to attorney fees in the amount of ▆▆▆▆▆▆▆.

8. The Court **FINDS** that the attorney fees are fair and reasonable particularly in light of the facts and circumstances surrounding this case, the financial investment necessary to prosecute this case, and the substantial recovery for Plaintiff and the statutory beneficiaries.

9. Pursuant to the written fee agreement, Fitzsimmons Law Firm PLLC and Burke, Schultz, Harman & Jenkinson are also to be reimbursed their advanced litigation costs. The total costs incurred in investigating the instant action and advanced by counsel thus far totals Ninety-Four Thousand Nine Hundred Dollars and Sixty-Eight Cents ($94,900.68). An itemized list of the

advanced expenses is set forth in *Exhibit 4* which is attached to Plaintiff's *Motion*, filed under seal.

10. The Court **FINDS** that the advanced expenses are fair and reasonable and were further necessary for the prosecution of this case.

11. Liens have been asserted against the settlement proceeds and healthcare expenses relating to the subject incident remain outstanding which together total $102,356.57. These liens and expenses include:

    a) Rocky Mountain Holdings, LLC - $55,248.71;

    b) State Farm Insurance - $25,000.00;

    c) James Behrmann, Ph.D. - $21,395.00; and

    d) City Hospital - $712.86.

12. After payment of the aforementioned attorney fees and reimbursement of the advanced costs, and after addressing the outstanding liens and healthcare costs, the net settlement proceeds to be distributed to the statutory beneficiaries totals ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

13. The following are the statutory beneficiaries who are permitted to assert a claim to the net settlement proceeds:

    a) Jessica Palmer – Fiancée, financially dependent and otherwise equitably entitled to relief;

    b) Gavin Raney – son;

    c) Lena Raney – daughter;

    d) H.R. – daughter, a minor whose date of birth is December 31, 2005 and, at the age of filing, is sixteen (16) years of age;

    e) Tyler Pike – son;

{00309936-1}

  f) Farrah Raney Brown – sister; and

  g) Kurt Raney – father.

  14. A material term of this settlement is the requirement that the amount of the settlement be kept confidential and that the confidential exhibits attached to the motions and orders related to the court approval of the settlement shall be filed under seal so that the confidentiality of the settlement shall be maintained.

## **ORDER**

Based upon the foregoing Findings of Fact, it is accordingly

**ORDERED** that the settlement, as being found to be fair and reasonable, is hereby approved and Plaintiff's motion is **GRANTED**. It is further

**ORDERED** that Plaintiff is authorized to execute a full and final release tendered by counsel for Defendants. It is further

**ORDERED** that the advanced litigation expenses and attorney fees of Fitzsimmons Law Firm PLLC and Burke, Schultz, Harman & Jenkinson, are fair and reasonable and shall be paid from the settlement proceeds as described above and in accordance with Exhibits 2, 3 and 4 attached Plaintiff's ***Motion***. It is further

**ORDERED** that Exhibits 2, 3, and 4 attached to ***Plaintiff's Motion to Compromise a Claim for Death by Wrongful Act Pursuant to W.Va. Code § 55-7-7,*** are hereby filed UNDER SEAL and shall remain sealed unless ordered otherwise by this Court. It is further

**ORDERED** that a redacted copy of this ORDER be filed redacting the amounts of the total settlement and attorney fees in order to preserve the confidential nature of the settlement.

**ORDERED** that all claims against and between all Defendants are dismissed with prejudice. It is further

{00309936-1}

**ORDERED** that the trial date and pre-trial dates and any scheduled hearings under the existing scheduling order are **VACATED.** It is further

**ORDERED** that a hearing on the distribution to the statutory beneficiaries be set for the _____ day of _____, 2021 at _____ o'clock . It is further

**ORDERED** that the Clerk of the Circuit Court shall forward an attested copy of this order to all counsel of record and the Guardian *ad Litem*, Tracy Weese, Esq., appointed herein.

ENTERED this \_\_\_ day of _____, 2021.

_____
THE HONORABLE GINA M. GROH
Chief Judge, United States District Court for the
Northern District of West Virginia

**PREPARED BY:**

/s/ *Clayton J. Fitzsimmons*_____
Clayton J. Fitzsimmons (W.Va. Bar # 10823)
Robert P. Fitzsimmons (W.Va. Bar # 1212)
Donald M. Kresen (W.Va. Bar # 4270)
**FITZSIMMONS LAW FIRM PLLC**
1609 Warwood Avenue
Wheeling, West Virginia 26003
Phone: 304-277-1700
Fax: 304-277-1705
Email: clayton@fitzsimmonsfirm.com
Email:  bob@fitzsimmonsfirm.com
Email: don@fitzsimmonsfirm.com


/s/ *D. Michael Burke*_____
D. Michael Burke (W.Va. Bar # 550)
Logan G. Burke (W.Va. Bar # 12966)
**BURKE, SCHULTZ, HARMAN & JENKINSON**
85 Aikens Center
(Edwin Miller Blvd.)
P.O. Box 1938
Martinsburg, WV 25402

{00309936-1}

Phone: (304) 263-0900
Fax: (304) 267-0469
Email: dmburke@burkeandschultz.com
Email: lburke@burkeandschultz.com
*Counsel for Plaintiff, Jessica Palmer, Administratrix of the Estate of Daniel Lee Raney*


**SEEN AND APPROVED BY:**


/s/ *Clem C. Trischler*
Clem C. Trischler, Esq.
Pietragallo Gordon Alfano Bosick & Raspanti, LLP
The Thirty-Eighth Floor
One Oxford Center
Pittsburgh, PA 15219
*Counsel for Defendants, Bridgestone Americas Tire Operations, LLC, Bridgestone Americas Fleet Operations, LLC, Bridgestone Americas, Inc., GCR Tire & Service and Robert L. Keck*

{00309936-1}