CJF/klc: 07/29/2021

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| **JESSICA PALMER,** Administratrix of the Estate of **DANIEL LEE RANEY**,<br><br>              Plaintiff,<br>vs.<br><br>**BRIDGESTONE AMERICAS TIRE OPERATIONS, LLC; BRIDGESTONE AMERICAS FLEET OPERATIONS, LLC; BRIDGESTONE AMERICAS, INC.; GCR TIRE & SERVICE;** and **ROBERT L. KECK,**<br><br>              Defendants. | CIVIL ACTION NO. 3:19-cv-114 |

### PLAINTIFF'S SUPPLEMENTAL MOTION TO COMPROMISE CLAIM FOR DEATH BY WRONGFUL ACT PURSUANT TO W. VA. CODE § 55-7-7

Plaintiff Jessica Palmer, Administratrix of the Estate of Daniel Lee Raney, hereby files her ***Supplemental Motion to Compromise Claim for Death By Wrongful Act Pursuant to W. Va. Code § 55-7-7*** and respectfully requests this Court to approve the proposed settlement of the subject wrongful death claim pursuant to W.Va. Code § 55-7-7 together with the proposed, agreed upon distribution of the net settlement proceeds. In support of her Motion, Jessica Palmer, Administratrix of the Estate of Daniel Lee Raney, states as follows:

1) This case arises out of a commercial truck collision that occurred on July 27, 2017 in Inwood, West Virginia. Defendant Robert Keck, who was acting in the course and scope of his employment with Bridgestone Americas Tire Operations, crossed the center median on Interstate 81 while operating a commercial box truck and struck a vehicle being driven by Daniel Raney. Daniel Raney suffered fatal injuries in the incident and was wrongfully killed on July 27, 2017.

2)  Plaintiff Jessica Palmer is the surviving fiancée and life-partner of Daniel Raney. Plaintiff was duly appointed as Administratrix of the Estate of Daniel Raney by the Clerk of the County Commission of Berkeley County, West Virginia, on July 28, 2017. (*See* Letter of Administration, previously attached as ***Exhibit 1*** to ***Plaintiff's Motion to Compromise Claims for Death By Wrongful Act Pursuant to W. Va. Code § 55-7-7*** (Dkt. # 55)).

3)  Acting in her capacity as Administratrix of her fiancée's Estate and pursuant to the applicable provision of the West Virginia Code, Jessica Palmer retained Burke, Schultz, Harman & Jenkinson and Fitzsimmons Law Firm PLLC for the purpose of investigating and pursuing a wrongful death claim against Defendants Bridgestone Americas Tire Operations, LLC, Bridgestone Americas Fleet Operations, LLC, Bridgestone Americas, Inc., GCR Tire & Service, (collectively hereinafter "Bridgestone" or "the Bridgestone Defendants") and Robert Keck (collectively hereinafter "Defendants").

4)  Plaintiff thereafter commenced Civil Action Number 3:19-cv-114 in the United States District Court for the Northern District of West Virginia against Defendants as a result of the collision on July 27, 2017 and the wrongful death of Daniel Raney. As pled in the Complaint, Plaintiff alleges that Defendant Robert Keck was negligent and reckless in the operation of his commercial truck; that the Bridgestone Defendants are vicariously liable for the negligent actions of Defendant Keck; and that the Bridgestone Defendants were independently negligent by failing to develop and implement appropriate commercial trucking safety policies and procedures and by negligently hiring, training, and retaining Defendant Keck. Plaintiff's Complaint seeks compensatory and wrongful death damages as well as punitive damages.

5)  After engaging in extensive discovery, conducting numerous depositions, disclosing expert reports, and conducting two mediations, Plaintiff and Defendants have reached

a confidential settlement subject to Court approval. Under the terms of the settlement, Defendants have agreed to pay a confidential sum of money in exchange for a full and final release. The amount of the confidential settlement is disclosed to the Court in *Exhibit 5*, which is being filed under seal to preserve the confident nature of the settlement.

6) Plaintiff believes the amount of the settlement to be fair and reasonable and in the best interest of the statutory beneficiaries for the following reasons

    a) The amount of money to be paid in the settlement is in Plaintiff's opinion the best offer that can be obtained in view of the circumstances of the subject death, the contested liability, and the investigation of this potential claim undertaken to date.

    b) There is a possibility that a jury could return a verdict in an amount lower than the subject settlement given that numerous aspects of Plaintiff's liability case and damages are contested.

    c) The amount of the settlement provides significant assets for the Estate and the beneficiaries and a settlement reduces the risk and additional costs of protracted and uncertain litigation and appeals.

7) Plaintiff requests that the following be paid from the settlement proceeds:

    a) **Attorney Fees**: Plaintiff signed a written contingency fee agreement with Burke, Schultz, Harman & Jenkinson. In accordance with the fee agreement, Burke, Schultz, Harman & Jenkinson and Fitzsimmons Law Firm PLLC are entitled to one-third (1/3) of any recovery obtained on behalf of the Estate of Daniel Lee Raney. The total amount of attorney fees to be paid to Fitzsimmons Law Firm PLLC and Burke, Schultz, Harman & Jenkinson is set forth in

*Exhibit 5*. Plaintiff's contingency fee contract was previously attached as ***Exhibit 3*** to Plaintiff's ***Motion to Compromise Claims for Death By Wrongful Act Pursuant to W. Va. Code § 55-7-7*** (Dkt. # 55) and is also being attached hereto as ***Exhibit 3*** for the Court's convenience. ***Exhibit 3*** is being filed under seal to preserve the confidential nature of the fee agreement and settlement.

b) **Litigation Expenses**: Pursuant to the written fee agreement, Burke, Schultz, Harman & Jenkinson and Fitzsimmons Law Firm PLLC are also to be reimbursed their advanced litigation costs. The total amount of costs incurred in prosecuting the instant action and advanced by counsel is One Hundred Four Thousand Nine Hundred Dollars and Sixty-Eight Cents ($104,900.68). An itemized list of the advanced expenses was previously attached as ***Exhibit 4*** to ***Plaintiff's Motion to Compromise Claims for Death By Wrongful Act Pursuant to W. Va. Code § 55-7-7*** (Dkt. # 55) and is also being attached hereto as ***Exhibit 4*** for the Court's convenience. Because ***Exhibit 4*** constitutes protected attorney work product, it is being filed under seal.

c) **Healthcare Expenses/Liens**: At the time of his death, Daniel Lee Raney did not have private or governmental health insurance and, therefore, no healthcare related liens have been asserted against the proceeds of the settlement to Plaintiff's knowledge. Plaintiff provided James Behrmann, Ph.D., a letter of protection for counseling services rendered to her for the psychological and emotional damages she sustained as a result of Daniel Raney's passing. Dr. Behrmann's invoices total $21,395.00. Plaintiff proposes that Dr. Behrmann be

        paid $21,395.00 from the settlement proceeds in accordance with the letter of protection.

    d) **Insurance Lien:** State Farm Insurance has paid $25,000.00 for property damage to Daniel Raney's vehicle and medical payment benefits and has asserted a lien in that amount. Plaintiff's counsel has negotiated this lien with State Farm down to $16,327.74.

8) After payment of the above attorney fees, litigation costs, healthcare expenses, and insurance liens, the net settlement proceeds to be distributed to the statutory beneficiaries of Daniel Raney is set forth in *Exhibit 5*.

9) The following are the statutory beneficiaries of Daniel Raney under W.Va. Code §55-7-6:

    a) **Jessica Palmer** – Fiancée, financially dependent and otherwise equitably entitled to relief;

    b) **Gavin Raney** – son;

    c) **Lena Raney** – daughter;

    d) **H.R.** – daughter, a minor whose date of birth is December 31, 2005 and, at the age of filing, is sixteen (16) years of age

    e) **Tyler Pike** – son;

    f) **Farrah Raney Brown** – sister; and

    g) **Kurt Raney** – father.

10) There are no other known potential statutory beneficiaries other than those identified herein to Plaintiff's knowledge.

11) A knowing and voluntary agreement has been reached among all statutory beneficiaries regarding distribution of the net settlement proceeds. A *Proposed Distribution of*

*Confidential Net Settlement Proceeds* and *Waiver and Consent Forms* signed by statutory beneficiaries are attached collectively as ***Exhibit 6***, which is being filed under seal to preserve the confidential nature of this settlement. The distribution and allocation to each statutory beneficiary is set forth in ***Exhibit 5***.

12) Some of the statutory beneficiaries have elected to purchase structured settlements. Detailed information regarding the funding and periodic payments to be paid pursuant to these structured settlements is attached as ***Exhibit 7***, which is being filed under seal to preserve the confidential nature of this settlement.

13) Plaintiff's decedent's daughter, H.R., is a minor whose date of birth is December 31, 2005, and is currently sixteen (16) years of age. H.R. was not involved in the underlying collision and has not sustained any injury to her person or property. H.R.'s claims here arise under West Virginia's wrongful death statutes, W.Va. Coode §§ 55-7-6 and 55-7-7, as a statutory beneficiary. As H.R.'s parent and guardian, Plaintiff Jessica Palmer has agreed upon the proposed distribution on behalf of H.R. *See* ***Exhibit 6***.

14) With respect to H.R.'s allocated distribution, a portion (the amount of which is set forth in ***Exhibit 5***) will be used to purchase an interest-bearing Certificate of Deposit, for incremental periods automatically renewed with accumulated interest each period until December 31, 2023 (the minor's Eighteenth birthday), in the name of H.R., at a regulated financial institution with its principal place of business in this state and which is insured by federal deposit insurance; and the remaining portion will be paid to Mutual of Omaha Structured Settlement Company [MOSSCO] to fund a structured settlement annuity for the benefit of H.R. The cost of said annuity as well as the "periodic payments" made payable to H.R. under the terms of the annuity are set forth and reflected in ***Exhibit 7***.

15) Plaintiff believes the settlement and proposed distribution to H.R. is in the best interest of H.R.

16) The Court previously appointed Tracy Weese, Esq. as the Guardian *ad Litem* for H.R. Plaintiff has met with Attorney Weese and provided her with all requested information relating to this settlement and the proposed distribution to H.R.

17) The parties to this settlement have agreed to cooperate fully and execute any and all supplementary documents, including a qualified assignment document, and to take all additional actions which may be necessary or appropriate to give full force and effect to the basic terms and intent of this settlement.

18) Plaintiff executes and files this Motion and Petition in good faith and with full knowledge of the facts and circumstances surrounding the death of Daniel Raney; the claims and defenses asserted in this action; and the proposed distribution to the statutory beneficiaries, which includes her minor daughter, H.R.

19) Attached to this Motion is a **Proposed Order** approving the wrongful death settlement; payment of attorney fees, costs, and liens and expenses; distribution of the net settlement proceeds to the statutory beneficiaries; and structured settlements amounts and payments.

**WHEREFORE,** your Plaintiff, Jessica Palmer, Administratrix of the Estate of Daniel Raney, respectfully prays that her Motion be granted and that the Court take the following actions:

(a) Approve the wrongful death settlements pursuant to W.Va. Code § 55-7-7;

(b) Direct that the exhibits attached to this Supplement and designated as confidential be filed under seal to preserve the confidentiality of the settlement amount;

(c) Find that the settlement described herein is fair and reasonable and in the best interest of the statutory beneficiaries of the Estate of Daniel Raney, including H.R.;

(d) Authorize Plaintiff to execute a full and final release tendered by counsel for Defendants;

(e) Authorize the payment of the attorneys' fees and advanced expenses from the settlement proceeds as set forth and requested herein;

(f) Authorize Plaintiff to pay the healthcare expenses/liens and insurance liens identified herein;

(g) Authorize Plaintiff to distribute the net settlement proceeds to the statutory beneficiaries in accordance with their agreements/consents as described herein;

(h) Enter an Order dismissing with prejudice all claims against the Defendants arising out of the instant civil action; and

(i) Grant Plaintiff such further relief as the Court may deem just and proper.

Respectfully Submitted,

**JESSICA PALMER,** Administratrix of the Estate o**f DANIEL LEE RANEY,** *Plaintiff*

By:  /s/ *Clayton J. Fitzsimmons*
Clayton J. Fitzsimmons (W.Va. Bar # 10823)
Robert P. Fitzsimmons (W.Va. Bar # 1212)
Donald M. Kresen (W.Va. Bar # 4270)
**FITZSIMMONS LAW FIRM PLLC**
1609 Warwood Avenue
Wheeling, West Virginia 26003
Phone: 304-277-1700
Fax: 304-277-1705
Email: clayton@fitzsimmonsfirm.com
Email:  bob@fitzsimmonsfirm.com
Email: don@fitzsimmonsfirm.com

By:  /s/ *D. Michael Burke*
D. Michael Burke  (W.Va. Bar # 550)
Logan G. Burke (W.Va. Bar # 12966)

**BURKE, SCHULTZ, HARMAN & JENKINSON**
85 Aikens Center
(Edwin Miller Blvd.)
P.O. Box 1938
Martinsburg, WV 25402
Phone: (304) 263-0900
Fax: (304) 267-0469
Email: dmburke@burkeandschultz.com
Email: lburke@burkeandschultz.com

{00309936-1} 9

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| **JESSICA PALMER,** Administratrix of the Estate of **DANIEL LEE RANEY**, <br><br> Plaintiff, <br><br> vs. <br><br> **BRIDGESTONE AMERICAS TIRE OPERATIONS, LLC; BRIDGESTONE AMERICAS FLEET OPERATIONS, LLC; BRIDGESTONE AMERICAS, INC.; GCR TIRE & SERVICE;** and **ROBERT L. KECK,** <br><br> Defendants. | CIVIL ACTION NO. 3:19-cv-114 |

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of July, 2021, a true copy of the foregoing ***Plaintiff's Supplemental Motion to Compromise a Claim for Death by a Wrongful Act Pursuant to W.Va. Code § 55-7-7*** was electronically filed with the Clerk of this Court using CM/ECF system, who shall provide electronic notice of such filing to the following counsel:

Clem C. Trischler, Esq.
Pietragallo Gordon Alfano Bosick & Raspanti, LLP
The Thirty-Eighth Floor
One Oxford Center
Pittsburgh, PA 15219
***Counsel for Defendants, Bridgestone Americas Tire Operations, LLC, Bridgestone Americas Fleet Operations, LLC, Bridgestone Americas, Inc., and GCR Tire & Service and Robert L. Keck***

{00309936-1}

Respectfully Submitted,

**JESSICA PALMER,** Administratrix of the Estate o**f DANIEL LEE RANEY,** *Plaintiff*

By: /s/ *Clayton J. Fitzsimmons*
Clayton J. Fitzsimmons (W.Va. Bar # 10823)
Robert P. Fitzsimmons (W.Va. Bar # 1212)
Donald M. Kresen (W.Va. Bar # 4270)
**FITZSIMMONS LAW FIRM PLLC**
1609 Warwood Avenue
Wheeling, West Virginia 26003
Phone: 304-277-1700
Fax: 304-277-1705
Email: clayton@fitzsimmonsfirm.com
Email: bob@fitzsimmonsfirm.com
Email: don@fitzsimmonsfirm.com


By: /s/ *D. Michael Burke*
D. Michael Burke (W.Va. Bar # 550)
Logan G. Burke (W.Va. Bar # 12966)
**BURKE, SCHULTZ, HARMAN & JENKINSON**
85 Aikens Center
(Edwin Miller Blvd.)
P.O. Box 1938
Martinsburg, WV 25402
Phone: (304) 263-0900
Fax: (304) 267-0469
Email: dmburke@burkeandschultz.com
Email: lburke@burkeandschultz.com